```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    ECF Case
JOSE TEJEDA, DARLENE VIERA,
                        Plaintiffs,                                    COMPLAINT

    -against-                                                          1:17-cv-01406

JOHN and JANE DOES 1-10 POLICE OFFICERS                                JURY TRIAL
UNNAMED, THE CITY OF NEW YORK,                                         DEMANDED
                        Defendants.
------------------------------------------------------------------X
```

The Plaintiffs, Jose Tejeda and Darlene Viera, through their attorneys, Carla Sanderson Law, make the following allegations against the defendants, the City of New York, and Police Officer John and Jane Does 1-10, whose true identities are not known at this time, in their individual and official capacities:

## PRELIMINARY STATEMENT

1.  This is a civil rights action to seek relief for Defendants' violation of Plaintiffs' rights, privileges, and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York.

2.  Plaintiffs' rights were violated during the forcible search of Plaintiffs' home for a third party, purportedly authorized by a warrant. Officers used excessive force on both Plaintiffs including on Plaintiff Jose Tejeda ("Mr. Tejeda"), who is autistic, in pointing their armed service weapons at him, screaming at him, violently throwing him to the floor, striking him and using a TASER-like weapon on him. Officers' disregard for Mr. Tejeda's capacity and ability to

1

understand their instructions created a dangerous situation with a high risk of serious injury or death to Mr. Tejeda.

3. Upon information and belief, law enforcement is ill-equipped for encounters with autistic or otherwise differently abled individuals present during searches and execution of warrants in private homes.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) as this is a civil action arising under the Constitution of the United States and the laws of the United States. This Court has jurisdiction to declare the rights of the parties and to grant all further relief deemed necessary and proper pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the supplemental claims arising under New York State law pursuant to 28 U.S.C. §1367(a).

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(a), (b), and (c) because claims arose within this district.

## THE PARTIES

6. Plaintiff, Jose Tejeda, is a handicapped individual diagnosed with severe autism and other unspecified mental disabilities affecting his ability to communicate and his capacity to comprehend and cope with stressful situations. Jose Tejeda resides with his mother Darlene Viera in Kings County, New York.

7. Plaintiff Darlene Viera ("Ms. Viera") is a 51 year old woman who resides in Kings County, New York. Darlene Viera is the mother of Jose Tejeda.

8. Defendant John and Jane Does are and were at all relevant times officers, employees, and agents of the NYPD. Police officer John and Jane Does are being sued in their individual and official capacity.

9. Defendant City of New York ("City Defendant") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. City Defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

10. At all times relevant herein, the Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## STATEMENT OF FACTS

11. On March 12, 2016, at approximately 9:30 a.m., at 1584 Dekalb Avenue, Apt. 1R, Brooklyn, NY 11237, the Plaintiffs were assaulted, battered, and unlawfully detained by the Police Officer Defendants.

12. Specifically, the Police Officer Defendants entered the home without permission and immediately threw Ms. Viera and Candida Sanchez, who was taking care of Jose Tejeda, violently to the ground and handcuffed them.

13. The Police Officer Defendants broke down the door of the bathroom, where Mr. Tejeda had been bathing. Although Mr. Tejeda was naked and obviously bathing and could not have constituted a threat to the Defendants, the Defendants aimed assault weapons at Mr. Tejeda, shouted obscenities at him, struck him in the face, head, and torso, and threw him to the ground. Once Mr. Tejeda was on the ground the officers continued to strike him in the back of the torso and head and used a TASER or similar electronic weapon against him.

14. Ms. Viera, pleaded with the officers to cease their extreme and unnecessary abuse of Mr. Tejeda and told them that he was mentally disabled but was ignored.

15. Police held Tejeda, Sanchez and Viera in handcuffs for an extended period of time.

16. In searching the home, police caused extensive damage to the property of Darlene Viera and Jose Tejeda.

17. Within ninety (90) days after the claim herein arose, Plaintiffs served a Notice of Claim in writing sworn to on their behalf upon Defendants, by delivering a copy thereof in duplicate to the officer designated to receive such process personally, which Notice of Claim advised the Defendants of the nature, time, place, and manner in which the claims arose, and the items of damage and injuries sustained so far as were then determinable.

18. At least thirty (30) days have elapsed since the service of the claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one year and ninety days after the event upon which the claims are based. Additionally, this action has been commenced within one year after the

event and is therefore within the statute of limitations for the intentional tort claims made against the Police Officer Defendants.

19. All conditions and requirements precedent to the commencement of this action have been complied with.

20. The oral examinations of the Plaintiffs have been conducted in compliance with General Municipal Law § 50-H. Such examinations were conducted on March 13, 2017, at a time and place designated by Defendant City of New York.

21. Pursuant to CPLR § 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiffs' damages, including but not limited to Plaintiffs' non-economic loss.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### Assault and Battery by the Police Officer Defendants, in their individual and official capacities, against all Plaintiffs

22. Plaintiffs repeat every allegation in this Complaint as though fully set forth herein.

23. The assaults committed against the Plaintiffs by Police Officer Defendants were not privileged or otherwise authorized by law. As a result of the assaults and the excessive force used, Plaintiffs suffered physical pain, emotional suffering, and discomfort. Additionally, Mr. Tejeda suffered substantial bruises, cuts, and other physical injuries, as well as extreme mental and emotional trauma resulting in permanent damage to his psychiatric condition.

24. Insofar as Defendants claim a legal cause or justification for the above described use of force, such use of force was extreme, unreasonable, and contrary to the laws of the State of New York and to the Constitutional rights of Plaintiffs under the New York and United States Constitutions.

25. Plaintiff Darlene Viera was forced to observe the merciless assault of her handicapped son, Jose Tejeda, by the Defendants.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### Intentional and negligent infliction of emotional distress by the Police Officer Defendants, in their individual and official capacities, against all Plaintiffs

26. Plaintiffs repeat every allegation in this Complaint as though fully set forth herein.

27. The above described actions did place the Plaintiffs in imminent fear of physical contact and were not consented to at any time.

28. Mr. Tejeda additionally had a specific fear of being imminently shot and killed with assault weapons, which also affected Ms. Viera as she was in close proximity to Mr. Tejeda.

29. Said actions intentionally and negligently caused Plaintiffs severe emotional distress, causing Plaintiffs to experience fear, anxiety, loss of sleep, appetite, and mental anguish.

30. Additionally, the severe emotional distress suffered by the Plaintiff Jose Tejeda, who is mentally and emotionally handicapped, caused him severe and permanent mental and emotional harm and deterioration of his psychiatric condition.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### Deprivation of constitutional rights

31. Plaintiffs repeat every allegation in this Complaint as though fully set forth herein.

32. Police Officer Defendants were, at all times relevant, duly appointed and acting agents and officers of the City of New York.

33. At all relevant times, Defendant officers were acting under color of law. To wit: the statutes, ordinances, regulations, policies and customs and usage of the City of New York and the NYPD.

34. Plaintiffs are and at all relevant times herein, citizens of the United States and residents of Kings County in the State and City of New York, and bring this cause of action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as well as State Civil Rights Laws.

35. The above described conduct of the Defendants resulted in the Plaintiffs being deprived of the following rights under the United States Constitution:

   a. Freedom from assault;

   b. Freedom from excessive force;

   c. Freedom from battery;

   d. Freedom from false imprisonment;

   e. Freedom from emotional distress and imminent fear; and

   f. Equal protection under the law.

36. The Defendants subjected the Plaintiffs to such deprivations, either in a malicious or reckless disregard of the Plaintiffs' rights or with deliberate indifference to those rights guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution as well as the New York State Constitution and common law.

37. The direct and proximate result of Defendants' acts is that Plaintiffs have suffered, and continue to suffer, injuries of a physical and psychological nature.

**AS AN FOR A FOURTH CLAIM FOR RELIEF**
**Violations of the Fourth and Fourteenth Amendment**

38. Plaintiffs repeat every allegation in this Complaint as though fully set forth herein.

39. Defendants John and Jane Does who were acting in concert and within the scope of their authority, trespassed into Plaintiffs' home, and assaulted and battered Plaintiffs without probable cause in violation of Plaintiffs' right to be free from an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

40. Defendants John and Jane Does were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for Defendants John and Jane Does conduct.

41. Plaintiff suffered injury and damages as a result of Defendants' conduct.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### *Monell* municipal liability
### against Defendant City of New York

42. Plaintiffs repeat every allegation in this Complaint as though fully set forth herein.

43. Defendant City of New York has grossly failed to train and adequately train and adequately supervise its officers so as to prevent the illegal and unconstitutional conduct described above.

44. This is one of many cases in which police officers fail to exercise caution, restraint, and control when dealing with handicapped citizens.

45. Additionally, this is one of many cases in which police officers fail to exercise caution, restraint, and control in the execution of searches of private homes.

46. The City of New York was negligent by failing to implement a policy with its officers that would have prevented them from perpetrating the above described conduct.

47. Alternatively, if such policies exist, the City of New York was negligent by failing to actively enforce such policies and to train its officers and personnel to carry out such policies.

48. The Defendants were negligent in their treatment of the handicapped Plaintiff, Jose Tejeda, and in their overall execution of any applicable search warrant, the existence and validity of which is not conceded by Plaintiffs.

49. The foregoing acts, omissions and systematic failures are customs and policies of the City of New York and NYPD which caused Defendant officers to perpetrate the above described illegal and unconstitutional actions.

### AS AND FOR A SIXTH CLAIM FOR RELIEF
### Violation of Article I, Section 12 of the New York Constitution

50. Plaintiffs repeat every allegation in this Complaint as though fully set forth herein.

51. Defendants violated Plaintiffs' rights under Article 1, Section 12 of the New York Constitution.

52. Plaintiffs suffered injury and damages as a result of Defendant's conduct.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Negligent hiring and supervision under the laws of the State of New York, by all Plaintiffs, against Defendant City of New York

53. Plaintiffs repeat every allegation in this Complaint as though fully set forth herein.

54. Defendant City of New York was negligent in that prior to and at the time of the acts complained of herein, due to the prior history of Police Officer Defendants, Defendant knew or should have known of the violent, malicious, reckless, and negligent dispositions of the Police Officer Defendants. Defendant City of New York had knowledge of facts that would put a reasonably prudent employer on notice that Police Officer Defendants were not suitable to be hired and employed by Defendant City of New York, and that due to their lack of training, Police Officer Defendants should have had adequate supervision so that they would not perpetrate the actions described above.

55. Defendant City of New York is liable for negligent hiring and supervision and failure to train, and is liable for all harm caused by the Police Officer Defendants' illegal and unconstitutional acts under the doctrine of Respondeat Superior.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. A declaratory judgment that Defendants violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983, and Article I, Section 12 of the New York State Constitution, and violated the laws of the State of New York.

B.  A permanent injunction preventing the City of New York from training and permitting NYPD officers to enter homes without lawful authority as provided by the United States Constitution and New York Constitution.

C.  That the jury find and the Court adjudge and decree that Plaintiffs shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interest and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

D.  That the Plaintiff recover the cost of this suit, including her attorneys' fees pursuant to 42 U.S.C. § 1988.

E.  Such other and further relief as the Court may deem just and proper.

Dated: March 13, 2017
       New York, New York

Respectfully submitted,

_____
Carla Sanderson
260 Madison Avenue, Flr. 22
New York, NY 10016
Tel: (646) 499-3818
Fax: (646) 499-3814
carla@carlasandersonlaw.com
*Attorney for Plaintiffs Jose Tejeda, Darlene Viera*